Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeffrey W. Dulberg (CA Bar No. 181200)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760

[Proposed] Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SCI REAL ESTATE INVESTMENTS, LLC<br><br>Debtor. | Case No.: 2:11-bk-15975-PC<br><br>Chapter 11 |
| In re<br><br>SECURED CALIFORNIA INVESTMENTS, INC.<br><br>Debtor. | Case No.: 2:11-bk-15987-BR<br><br>Chapter 11<br><br>**DEBTORS' NOTICE OF MOTION AND MOTION FOR ORDER (A) REASSIGNING CASE NO. 2:11-BK-15987-BR TO JUDGE PETER H. CARROLL PURSUANT TO LOCAL BANKRUPTCY RULES 1015-1(C) AND 1073-1(C); AND (B) DIRECTING JOINT ADMINISTRATION OF RELATED CASES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(B) AND LOCAL BANKRUPTCY RULES 1015-1(B) AND (C); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF MARC PAUL IN SUPPORT THEREOF**<br><br>[No Hearing Required Per Local Bankruptcy Rule 9013-1(o)] |

**TO THE HONORABLE PETER H. CARROLL, UNITED STATES BANKRUPTCY JUDGE, CREDITORS HOLDING THE TWENTY LARGEST UNSECURED CLAIMS, PARTIES REQUESTING SPECIAL NOTICE, AND THE OFFICE OF THE UNITED STATES TRUSTEE.**

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively the "Debtors") hereby file this motion (the "Motion") for an order of the Court (A) reassigning the related case of Secured California Investments, Inc. to the Honorable Peter H. Carroll pursuant to Local Bankruptcy Rules 1015-1(c) and 1073-1(c), and (B) directing the joint administration of the Debtors' chapter 11 cases (the "Cases") pursuant to Rule 1015(b) the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules 1015-1(b) and (c).

By this Motion, the Debtors request, pursuant to Local Bankruptcy Rules 1015-1(c) and 1073-1(c), that the case of Secured California Investments, Inc. ("SCI") be reassigned from the Honorable Barry Russell to the Honorable Peter H. Carroll, to whom the case of SCI Real Estate Investments, LLC ("SCI Real Estate") has been previously assigned. Judge Carroll has been assigned the lower of the two case numbers. The SCI and SCI Real Estate debtors are affiliates as that terms is defined in the Bankruptcy Code and they are part of an integrated business enterprise.

The Debtors further request joint administration of the Cases, solely with respect to administrative matters, including a joint pleadings docket (excluding, subject to further order of the Court, the listing of filed claims), a joint pleadings caption, and combined notices to creditors. The Debtors do not request substantive consolidation of the Debtors' estates at this time, but reserve the right to do so in the future. Accordingly, the Debtors seek an order authorizing the joint administration of these Cases, as set forth herein.

Without joint administration, the duplication of documents and effort would create unnecessary costs and tax the administrative facilities of the Debtors and their attorneys, diverting valuable resources away from addressing substantive issues, including the operations of the Debtors' business and the development of a restructuring plan. If this Motion is not granted, the Debtors' creditors will similarly feel the burden. As with the Debtors, creditors will also be required to file duplicate copies of pleadings (with only the caption changed) in each of the Cases for no reason

other than to maintain separate dockets and files. Moreover, by maintaining separate Cases, some creditors may be confused as to when their rights are being affected, as they may be creditors of one estate or both. By jointly administering the Cases, creditors will receive notice of all matters involving both Debtors, thereby insuring that they are fully informed of all matters potentially affecting their claims.

The facts supporting joint administration of the Cases are as follows: (a) the two Debtors are affiliated; (b) the Debtors operate as part of an integrated enterprise and (c) joint administration will ease the administrative burden on the Court, the Debtors and the parties and reduce the costs for all parties in administering these Cases.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(o)(1)(ii), any response to the Motion and request for hearing must be filed with the Court and served upon the United States Trustee and proposed counsel for Debtors no later than fourteen (14) days after the date of service of the notice. Pursuant to Local Bankruptcy Rule 9013-1(h), the Court may deem the failure of any party to timely file and serve an objection to the Motion to constitute consent to the relief requested therein.

**WHEREFORE**, the Debtors request that the Court enter an order:

1. Granting this Motion and directing the joint administration of the Cases;

2. Reassigning the case of Secured California Investments, Inc. to the Honorable Peter H. Carroll;

3. Designating a single pleadings docket for the filing of all pleadings with respect to the Cases (other than Schedules and Statements of Financial Affairs and proofs of claim, at this time);

4. Directing all pleading captions (except for the Schedules and Statements of Financial Affairs and for proofs of claim) referring to any or all of the above listed Cases be captioned as set forth in **Exhibit A** to this Motion; and

1    5.    Granting such other and further relief as the Court deems just and proper under the
2 circumstances to facilitate the efficient administration of these Cases.

3
Dated:    February 16, 2011                    PACHULSKI STANG ZIEHL & JONES LLP
4

5                                              By    */s/ Jeffrey W. Dulberg*
                                                    Jeffrey W. Dulberg
6                                                   [Proposed] Attorneys for Debtors and
                                                    Debtors in Possession
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A.  Jurisdiction and Venue**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the chapter 11 cases (the "Cases") of the Debtors is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Local Bankruptcy Rules 1015-1(c), 1015-2, and 1073-1(c)(1).

**B.  Background**

On February 11, 2011, the Debtors commenced these cases (the "Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee has been appointed in the Cases.

The Debtors are SCI Real Estate Investments, LLC ("SCI Real Estate") and Secured California Investments, Inc. ("SCI"). The Debtors, which originated and syndicated commercial properties on behalf of tenant in common and other private investors, were hard hit by the unprecedented downturn in the real estate and credit markets, preventing them from monetizing substantial real estate assets within their own portfolio.

**C.  Facts Supporting Joint Administration**

The facts supporting joint administration of the Cases are as follows:

(1)    The Debtors are "affiliates" as provided by in section 101(2)(B) of the Bankruptcy Code;

(2)    The Debtors operate as part of an integrated enterprise;

(3)    The Debtors share common management; and

(4)   Joint administration, by preventing the duplicate filing and service of numerous pleadings, will ease the administrative burden on the Court, the Debtors, and the creditors, and will reduce the costs for all parties in administering these Cases.

## II.

## ARGUMENT

### A. Joint Administration of the Debtors' Cases Will Yield Substantial Administrative Benefits

Although the Bankruptcy Code specifically provides for joint administration of limited types of cases (see section 302(a) of the Bankruptcy Code permitting the filing of joint petitions by spouses), there is no provision in the Bankruptcy Code governing joint administration of cases such as these. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), however, makes clear that joint administration may be appropriate when two or more related debtor entities, whether spouses, partnerships, or corporations, have filed for protection under the Bankruptcy Code. Bankruptcy Rule 1015 provides, *inter alia*:

> (b)   Cases Involving Two or More Related Debtors. If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates . . . .
>
> (c)   Expediting and Protective Orders. When an order for . . . joint administration of a joint case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay.

Fed. R. Bankr. P. 1015.

Bankruptcy Rule 1015 promotes the fair and efficient administration of related cases of affiliated debtors, while ensuring that no rights of individual creditors are unduly prejudiced. *See* 2-301 COLLIER ON BANKRUPTCY, at 301-06 (15th ed. rev. 2003); *see also In re Brookhollow Assocs.*, 435 F. Supp. 763, 766 (D. Mass. 1977) (joint administration "help[s] the bankruptcy court to administer economically and efficiently different estates with substantial interests in common"), *aff'd*, 575 F.2d 1003 (1st Cir. 1986); *In re H&S Transportation Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1985). As stated in the official Advisory Committee Note:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

Joint administration differs significantly from substantive consolidation, in which the assets and liabilities are pooled and, generally, the creditors of the separate entities share *pro rata* in the aggregate net value of the estates. *See In re Standard Brands Paint Co.*, 154 B.R. 563 (Bankr. C.D. Cal. 1993); *In re I.R.C.C., Inc.*, 105 B.R. 237, 241 (Bankr. S.D.N.Y. 1989). Joint administration, by contrast, is merely procedural; each of the debtors' estates remains a separate legal entity, and creditors' individual rights to each estate are preserved. *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Arnold*, 33 B.R. 765, 767 (Bankr. E.D.N.Y. 1983). Thus, in every case, joint administration does not in itself prejudice the rights of any creditor.

Joint administration will reduce the costs in administering the Cases, serve to eliminate the substantial confusion and waste created by maintaining separate dockets and reduce the burden that the Cases will place on the Court system. Absent joint administration, the only material differences between the majority of the pleadings to be filed in each Case will be in the captions because many of the substantive matters affecting one estate will affect both estates. By requiring separate pleadings to be filed in each Case, an enormous amount of copying will need to be done at substantial costs to the estates without any additional benefit to creditors. Moreover, such duplication would divert valuable resources away from addressing substantive issues, including maximizing the value of the estates for all affected parties. The filing of separate pleadings in each of the Cases also would undoubtedly create an unnecessary burden for the Clerk's office, which must keep track of the filings in each Case. Joint administration will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files. Similarly, joint administration will simplify the administrative burden on the office of the United States Trustee in its supervision of these Cases.

If this Motion is not granted, the Debtor's creditors will similarly feel the burden. As with the Debtor, creditors will also be required to file duplicate copies of pleadings (with only the caption

changed) in each of the Debtors' cases for no reason other than to maintain separate dockets and files. Moreover, by maintaining administratively separate cases, some creditors may be confused as to when their rights are being affected, as they may be creditors of one or both of the estates. By jointly administering the estates, creditors will receive notice of all matters involving all Debtors, thereby insuring that they are fully informed of all matters potentially affecting their claims. Accordingly, for the reasons set forth herein above, the Debtors propose that the joint administration of the Debtors be implemented as follows:

(a) <u>Pleadings</u>. The use of a single docket for both Cases and for filing, lodging and docketing the pleadings, orders and all other papers (including notices of hearing in any of the Cases) under the caption and case number of, and in the form attached hereto as **Exhibit A**.

(b) <u>Proofs of Claim</u>. Because the Debtors are separate entities, and there has been no substantive consolidation of the estates, proofs of claim should be captioned for the particular estate against which the claim is asserted. Further, the Clerk should maintain separate claims registers for each estate.

(c) <u>United States Trustee's Reporting Requirements</u>. All reports and statements filed with the Office of the United States Trustee shall be filed separately for each Debtor and maintained for each Debtor.

(d) <u>Schedules of Assets and Liabilities and Statement of Financial Affairs</u>. Each Debtor shall file separate Schedules of Assets and Liabilities and Statement of Financial Affairs.

(e) <u>Notice to Creditors of Entry of Order</u>. After entry of the Order approving the joint administration, the Debtors shall transmit to all known creditors of each estate a notice setting forth the pertinent information with respect to the joint administration (which notice may be combined with other notices to creditors).

**B.    <u>Reassignment of the Higher Numbered Case (SCI) Is Appropriate</u>**

The Debtors further request, pursuant to Local Bankruptcy Rules 1015-1(c) and 1073-1(c)(1), that the SCI case be transferred from the Honorable Barry Russell to the Honorable Peter H.

Carroll, to whom the case of SCI Real Estate has been assigned.[1] The SCI and SCI Real Estate Debtors are affiliates as that terms is defined in the Bankruptcy Code and they are part of an integrated business enterprise. SCI's Statement of Related Cases failed to reference the filing of the SCI Real Estate case due to inadvertence.

C. **No Creditors Will Be Prejudiced by Joint Administration**

There would be no prejudice to creditors if the Debtors' estates are jointly administrated in that joint administration does not equate to substantive consolidation. Indeed, as discussed above, joint administration would benefit all creditors by substantially reducing costs and administrative burdens in general.

D. **Were an Actual Conflict to Arise in the Course of the Debtors' Cases, the Court May Alleviate Any Prejudice to Creditors Pursuant to Its Discretion under Bankruptcy Rule 1015**

If an actual conflict arises among the estates in the future, the Court could easily alleviate any prejudice such conflict may cause to creditors through the Court's broad powers to oversee the joint administration of the Cases. As discussed above, joint administration does not in itself affect any substantive rights; joint administration is a procedural device designed to reduce costs and administrative burdens generally. Were a conflict to arise during the Cases, the Court may limit joint administration to the extent necessary to alleviate any negative effects of the conflict. Under Bankruptcy Rule 1015(c), "while protecting the rights of parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay." Fed. R. Bankr. P. 1015(c). Exercising its discretion under this Rule, the Court should be able to promote the interests of the estates through administrative efficiency, while at the same time protecting the rights of individual creditors if and when the need arises. Until a conflict arises, however, there is no reason why the Court should not authorize joint administration.

### III.

### CONCLUSION

The primary goal of a chapter 11 reorganization is to maximize the value of a debtor's estate for the benefit of creditor and other constituencies. Related to that goal and of significant

---

[1] Judge Carroll has been assigned the lower of the two case numbers.

1  importance as well, is the efficient administration of bankruptcy cases. The joint administration of
2  Cases will further both of these goals. Based upon the foregoing, the Debtors respectfully submit
3  that this Court should enter an order substantially in the form of **Exhibit B** attached hereto
4  authorizing the joint administration of these related Cases, with such joint administration to be
5  implemented as provided for in this Motion and granting such other and further relief as the Court
6  deems appropriate.

Dated:   February 16, 2011                    PACHULSKI STANG ZIEHL & JONES LLP

                                              By   */s/ Jeffrey W. Dulberg*
                                                   Jeffrey W. Dulberg
                                                   [Proposed] for Debtors and Debtors in
                                                   Possession

Jeffrey N. Pomerantz (CA Bar No. 143717)
Jeffrey W. Dulberg (CA Bar No. 181200)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760

[Proposed] Attorneys for Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**SCI REAL ESTATE INVESTMENTS, LLC**[1]<br><br>Debtor. | Case No.: 2:11-bk-15975-PC<br>Chapter 11<br><br>[Jointly Administered with Case No. 2:11-bk-15987-BR]<br><br>**[DOCUMENT TITLE]**<br>Date:     TBD<br>Time:    TBD<br>Place:   Courtroom 1539<br>            United States Bankruptcy Court<br>            255 E. Temple Street<br>            Los Angeles, California 90012<br>Judge:   Honorable Peter H. Carroll |

---

[1] The Debtors are SCI Real Estate Investments, LLC, a Virginia limited liability company, 11620 Wilshire Blvd., 10th Floor, Los Angeles, CA 90025, Fed. Tax I.D. No. 20-2105413 (Main Debtor) and Secured California Investments, Inc., a California corporation, , 11620 Wilshire Blvd., 10th Floor, Los Angeles, CA 90025, Fed. Tax I.D. No. 95-4494411.

1  Jeffrey N. Pomerantz (CA Bar No. 143717)
   Jeffrey W. Dulberg (CA Bar No. 181200)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 11th Floor
3  Los Angeles, California 90067-4100
   Telephone: 310/277-6910
4  Facsimile: 310/201-0760

5  [Proposed] Attorneys for Debtors and Debtors in
   Possession

6

7

8                UNITED STATES BANKRUPTCY COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                    LOS ANGELES DIVISION

11

| In re: | Case No.: 2:11-bk-15975-PC |
|---|---|
| SCI REAL ESTATE INVESTMENTS, LLC | Chapter 11 |
| Debtor. | |
| In re | Case No.: 2:11-bk-15987-BR |
| SECURED CALIFORNIA INVESTMENTS, INC. | Chapter 11 |
| Debtor. | **ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CASES PURSUANT TO PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b), LOCAL BANKRUPTCY RULES 1015-1(c), AND 1073-1(c)(1); AND FOR REASSIGNMENT PURSUANT TO LOCAL BANKRUPTCY RULE 1015-2**<br><br>[No Hearing Required Per Local Bankruptcy Rule 9013-1(o)] |

The Court has considered the *Debtors' Motion For Order Directing Joint Administration of Related Cases Pursuant to Federal Rule of Bankruptcy Procedure 1015(b), Local Bankruptcy Rule 1015-1(c), and 1073-1(c)(1); and For Reassignment Pursuant to Local Bankruptcy Rule 1015-2* (the "Motion"), submitted by the above-captioned debtors and debtors in possession herein (the "Debtors"). Based on the arguments made in the Motion, and the pleadings and documents on file in these chapter 11 cases (the "Cases"), the Court finds that no notice of the Motion was required under the circumstances and that good cause exists to grant the relief requested in the Motion.

**IT IS THEREFORE ORDERED** that:

1. The Application is GRANTED.

2. The Cases shall be jointly administered.

3. The case of Secured California Investments, Inc. shall be transferred to the Honorable Peter H. Carroll.

4. The captions of the Cases shall be modified to reflect the joint administration of these Cases, in the form set forth on **Exhibit A** hereto.

5. The Clerk of the Court shall maintain a pleadings docket under the case number assigned to SCI Real Estate Investments, LLC, which shall be designated as the single pleadings docket for all pleadings with respect to all of the Cases; provided however, proofs of claim should be captioned for the particular estate and Case against which the claim is asserted and each Debtor shall file separate Schedules of Assets and Liabilities.

6. The claims registers in the Debtors' respective Cases shall be maintained separately for each Debtor entity by the Clerk of the Court.

7. After entry of this Order, the Debtors shall transmit to all known creditors of each estate a notice setting forth the pertinent information with respect to the joint administration.

8. The Debtor and other parties in interest shall be authorized, but not required, to combine notices to the Debtors' creditors.

########

1  Jeffrey N. Pomerantz (CA Bar No. 143717)
   Jeffrey W. Dulberg (CA Bar No. 181200)
2  Pachulski Stang Ziehl & Jones LLP
   10100 Santa Monica Blvd., 11th Floor
3  Los Angeles, California 90067-4100
   Telephone: 310/277-6910
4  Facsimile: 310/201-0760

5  [Proposed] Attorneys for Debtors and Debtors in
   Possession

6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11 | In re:                                    | Case No.: 2:11-bk-15975-PC
12 | **SCI REAL ESTATE INVESTMENTS, LLC**      | Chapter 11
13 |                                           |
   |                 Debtor.                   |
14 |                                           |
   | In re                                     | Case No.: 2:11-bk-15987-BR
15 |                                           |
   | **SECURED CALIFORNIA INVESTMENTS,**       | Chapter 11
16 | **INC.**                                  |
   |                                           | **DECLARATION OF MARC PAUL IN**
17 |                 Debtor.                   | **SUPPORT OF DEBTORS' MOTION**
                                                **FOR ORDER (A) REASSIGNING CASE**
18                                              **NO. 2:11-BK-15987-BR TO JUDGE**
                                                **PETER H. CARROLL PURSUANT TO**
19                                              **LOCAL BANKRUPTCY RULES 1015-**
                                                **1(C) AND 1073-1(C); AND (B)**
20                                              **DIRECTING JOINT**
                                                **ADMINISTRATION OF RELATED**
21                                              **CASES PURSUANT TO FEDERAL**
                                                **RULE OF BANKRUPTCY PROCEDURE**
22                                              **1015(B) AND LOCAL BANKRUPTCY**
                                                **RULES 1015-1(B) AND (C)**
23
                                                [No Hearing Required Per Local Bankruptcy
24                                              Rule 9013-1(o)]

25

26

27

28

I, Marc Paul, declare as follows:

1.   I am the President of SCI Real Estate Investments, LLC ("SCI Real Estate") and Secured California Investments, Inc. ("SCI"), affiliated debtors herein (collectively, the "Debtors"). In this capacity, I am generally familiar with the day-to-day operations, business and financial affairs of each of the Debtors.

2.   Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge. If called upon to testify, I would testify to the facts set forth in this Declaration.

3.   The Debtors, which originated and syndicated commercial properties on behalf of tenant in common and other private investors, were hard hit by the unprecedented downturn in the real estate and credit markets, preventing them from monetizing substantial real estate assets within their own portfolio.

4.   On February 11, 2011 (the "Petition Date"), the Debtors commenced these cases (the "Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee has been appointed in the Cases.

5.   The Debtors request joint administration of the Cases, solely with respect to administrative matters, including a joint pleadings docket (excluding, subject to further order of the Court, the listing of filed claims), a joint pleadings caption, and combined notices to creditors. The Debtors do not request substantive consolidation of the Debtors' estates at this time, but reserve the right to do so in the future.

6.   Without joint administration, the duplication of documents and effort would create unnecessary costs and tax the administrative facilities of the Debtors and their attorneys, diverting valuable resources away from addressing substantive issues, including the operations of the Debtors' businesses and the development of a restructuring plan. If this Motion is not granted, the Debtors' creditors will similarly feel the burden. As with the Debtors, creditors will also be required to file duplicate copies of pleadings (with only the caption changed) in each of the Cases for no reason

1. other than to maintain separate dockets and files. Moreover, by maintaining separate Cases, some creditors may be confused as to when their rights are being affected, as they may be creditors of one estate or both. By jointly administering the Cases, creditors will receive notice of all matters involving both Debtors, thereby insuring that they are fully informed of all matters potentially affecting their claims.

7. The facts supporting joint administration of the Cases are as follows: (a) the two Debtors are affiliated; (b) the Debtors operate as part of an integrated enterprise and (c) joint administration will ease the administrative burden on the Court, the Debtors and the parties and reduce the costs for all parties in administering these Cases.

8. The Debtors further request that the case of Secured California Investments, Inc. be transferred to the Honorable Peter H. Carroll, to whom the case of SCI Real Estate Investments, LLC has been assigned.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 16th day of February, 2011, at Los Angeles, Calif

Marc Paul

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd., Suite 1100 Los Angeles, CA 90067

**A true and correct copy of the foregoing document described DEBTORS' NOTICE OF MOTION AND MOTION FOR ORDER (A) REASSIGNING CASE NO. 2:11-BK-15987-BR TO JUDGE PETER H. CARROLL PURSUANT TO LOCAL BANKRUPTCY RULES 1015-1(C) AND 1073-1(C); AND (B) DIRECTING JOINT ADMINISTRATION OF RELATED CASES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(B) AND LOCAL BANKRUPTCY RULES 1015-1(B) AND (C); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF MARC PAUL IN SUPPORT THEREOF will be served or was served (a) on the judge in chambers in the form and manner required by lbr 5005-2(D); and (B) in the manner indicated below:**

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 16, 2011 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **December 14, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

|  |  |
|---|---|
|  |  |

X   Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 16, 2011 | Michelle F. Evans | /s Michelle F. Evans |
|---|---|---|

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                                F 9013-3.1

<u>20 Largest</u>
First Citizenz Bank
515 S. Flower St., Suite 1200
Los Angeles, CA 90071
Attn: John Schulhof
213-623-5418

Wachovia Bank
333 S Grand Ave., 9th Flr
Los Angeles, CA 90071
Attn: Gail E. Tubbs
213-253-3368

Martin Schiff
TTEE, Schiff Family Trust
1220 Corsica Drive
Pacific Palisades, CA 90272
310-454-6172

Irvin Sobel
Irvin Q. & Marilyn Sobel, TTEE
10490 Wilshire Blvd., #1404
Los Angeles, CA 90024
310-475-7039

Richard and Pauline R. Schneider
905 Buena Vista Street
So. Pasadena, CA 91030
323-913-4939

Fidelity International, Inc.
c/o Wayne Pridgeon
4265 Marina City Drive, #917
Marina Del Rey, CA 90292
310-301-6523

Howard Lettner
Bruce Hensel MD
Def Benefit Pen. Plan
9100 Wilshire Blvd., #400W
Beverly Hills, CA 90212
310-271-0300

Denise Simon
4926 Louise Avenue
Encino, CA 91316

818-789-6605

Robert and Linda Hart
TTEE of Hart Family Trust
2433 1/2 Abbot Kinney Blvd.
Venice, CA 90291
310-822-2248

Neal Handel, TTEE
13400 Riverside Dr., #101
Sherman Oaks, CA 91423
818-788-3973

Philip L. Grauman
1801 Casselberry Road
Louisville, KY 40205
502-396-3195

Klaus Friederic
17653 Camino De Yatasto
Pacific Palisades, CA 90272
310-600-2223

Barry & Gabriella Brock, TTEE
13325 Valley Vista Blvd.
Sherman Oaks, CA 91423
818-784-3099

Harold J. Stanton, TTEE
16530 Ventura Blvd., #205
Encino, CA 91436
818-501-4224

Howard & Marsha Spike, TTEE
6222 Kentland Avenue
Woodland Hills, CA 91367
818-710-8951

The R&J Family Limited Partnership
914 Westwood Blvd., # 535
Los Angeles, CA 90024
Attn: Ron Behling
626-350-3166

Howard and Denise Simon
4926 Louise Avenue

Encino, CA 91316
818-789-6605

Punam Patel or Vidya Patel, TTEE
13468 Alvarado Court
Saratoga, CA 95070
408-867-9136

Lawrence M. & Sunnie L. Daniels
1301 Walnut Avenue
Manhattan Beach, CA 90266
310-802-8142

Modris A. and Jann E. Tidemanis
18 Calle Pastadero
San Clemente, CA 92672
949-498-2028

<u>Equity Security Holders</u>
Janice Holland
11541 Coolidge Pl.
Los Angeles, CA 90066

Marc Paul
9661 Wendover Dr.
Beverly Hills, CA 90210

Robert Robotti
11620 WilshireBlvd., 10th Floor
Los Angeles, CA 90025

Gary Baddin, Analyst
Office of the US Trustee
725 S Figueroa St., 2600
Los Angeles, CA 90017

Sam Lor, Analyst
Office of the US Trustee
725 S Figueroa St., 2600
Los Angeles, CA 90017